**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2090-16T3

IN THE MATTER OF
CHRISTIE MONSERRATE,
SHERIFF'S OFFICER (S9999R),
COUNTY OF HUDSON.

_____

Submitted October 29, 2018 – Decided  November 7, 2018

Before Judges Haas and Sumners.

On appeal from the New Jersey Civil Service Commission, Docket No. 2016-3516.

Christie Monserrate, appellant pro se.

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent County of Hudson (Cindy N. Vogelman, of counsel and on the brief; Qing H. Guo, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Christie Monserrate appeals from the November 30, 2016 final

decision of the Civil Service Commission (Commission) upholding the removal

of appellant's name from a list of candidates eligible for appointment to the position of Sheriff's Officer with the County of Hudson (the County). We affirm.

The County previously employed appellant as a Corrections Officer between September 2001 and February 2011. During that period, the County disciplined appellant on six separate occasions for various breaches of the County's rules and procedures. The County imposed a major, twenty-day suspension for one of these infractions and a major, forty-five-day suspension for another. In the latter incident, appellant failed to complete reports and, as a result, three inmates were incorrectly released from custody.

In October 2010, the County charged appellant with, among other things, insubordination, conduct unbecoming an employee, and neglect of duty after an investigation revealed she had been carrying on a prohibited personal relationship with an inmate at the jail. Appellant had received numerous calls from the inmate on her cell phone while at the jail, and she also gave $490 to the inmate's mother so the inmate could pay a fine. The County sought to remove appellant from employment, but agreed to permit her to resign voluntarily in good standing in February 2011.

A-2090-16T3

In November 2013, appellant took an open competitive examination for the Sheriff's Officer position with the County. She received a passing score and appeared on the certification for this position as the 148th eligible candidate on a list containing 200 names.

The Commission has promulgated regulations that permit names to be removed from an eligible list for a variety of reasons that may disqualify the candidate for appointment. N.J.A.C. 4A:4-4.7; N.J.A.C. 4A:4-6.1. Specifically, N.J.A.C. 4A:4-6.1(a)(7) states that a candidate may be removed from an eligible list if he or she "[h]as a prior employment history which relates adversely to the title[.]"

The job specification for a Sheriff's Officer includes duties such as maintaining order and security in the courtroom, serving court processes, assisting in making criminal identifications, and apprehending fugitives. A Sheriff's Officer may also be assigned to perform other law enforcement duties outside the courtroom. Because of appellant's extremely poor prior employment history in the criminal justice field, the County asked the Commission to remove appellant's name from the list.

Through her attorney, appellant contested this proposed action, and the matter was referred to the Commission's Division of Appeals and Regulatory

3

Affairs, which upheld the removal of appellant's name from the eligible list. The Division advised appellant of her right to appeal its determination to the Commission and, through her attorney, appellant took advantage of this opportunity for review.

On November 30, 2016, the Commission rendered a comprehensive written decision approving the County's request to remove appellant from the eligible list. The Commission found that

> appellant's prior disciplinary history, together with her admissions to concealing a personal relationship with an inmate from her former employer, providing money to that inmate's mother to pay a fine for him, and routinely taking calls on a personal cell phone within the confines of the correctional facility from that same individual, reflects poorly on the appellant's ability to perform [the] law enforcement duties [described above]. Accordingly, . . . appellant's adverse employment history provides a sufficient basis to remove . . . appellant's name from the subject eligible list.

This appeal followed.

On appeal, appellant argues that the Commission erred in removing her name from the eligible list due to her poor employment history. She also asserts that she did not have notice and an opportunity to be heard concerning the Commission's action. Based on our review of the record and applicable law, we find insufficient merit in appellant's contentions to warrant discussion in a

4

written opinion.  R. 2:11-3(e)(1)(D) and (E).  We therefore affirm substantially for the reasons stated by the Commission in its comprehensive final decision. We add the following brief comments.

Appellate review of an administrative agency decision is limited.  In re Herrmann, 192 N.J. 19, 27 (2007).  A "strong presumption of reasonableness attaches" to the Commission's decision.  In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 2015 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)).  Therefore, we generally defer to final agency actions, only "reversing those actions if they are 'arbitrary, capricious or unreasonable or [if the action] is not supported by substantial credible evidence in the record as a whole.'"  N.J. Soc'y for Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 384-85 (2008) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).  It is not our place to second-guess or substitute our judgment for that of the agency and, therefore, we do not "engage in an independent assessment of the evidence as if [we] were the court of first instance."  In re Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).

Applying these principles, we discern no basis for disturbing the Commission's decision to remove appellant from the eligible list.  Appellant was

represented by an attorney throughout the proceedings before the Commission. She received written notice of the proposed removal of her name from the eligible list, and a full opportunity to contest this action. The record amply supports the Commission's conclusion that appellant's unsatisfactory employment record in her prior position as a Corrections Officer "reflect[ed] poorly on [her] ability to perform the[] law enforcement duties" of a Sheriff's Officer under N.J.A.C. 4A:4-6.1(a)(7). This decision was not arbitrary, capricious, or unreasonable, is supported by substantial credible evidence, and is entitled to our deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2090-16T3